**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**RICHMOND DIVISION**



**MASOUD H. MANJILI, DVM, PhD,**

Plaintiff,

v.                                  Civil Action No. ___3:26CV91___

**VIRGINIA COMMONWEALTH UNIVERSITY;**

**STEPHEN L. KATES, MD,** in his official capacity as Interim Dean of the VCU School of

Medicine and Interim Executive Vice President for Medical Affairs;

**AMELIA GROVER, MD, FACS,** in her official capacity as Senior Associate Dean for Faculty
Affairs

**MARLON LEVY, MD, MBA,** in his official capacity as Senior Vice President for Health

Sciences;

**ARTURO SAAVEDRA, MD, PhD, MBA,** in his official capacity as Interim Executive Vice

President and Provost,

Defendants.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment and 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Richmond, Virginia.

## II. PARTIES

3. Plaintiff Masoud H. Manjili, DVM, PhD, is a tenured Professor in the Department of Microbiology & Immunology at Virginia Commonwealth University ("VCU"), tenured since 2012 and promoted to Professor with tenure in 2018.

4. Defendant Virginia Commonwealth University is a public, state-supported university and Plaintiff's employer.

5. Defendant Stephen L. Kates, MD, is sued in his official capacity as Interim Dean of the VCU School of Medicine and Interim Executive Vice President for Medical Affairs. He issued and enforced the termination at issue.

6. Defendant Amelia Grover, MD, FACS, is sued in her official capacity as Senior Associate Dean for Faculty Affairs at VCU. At all relevant times, she exercised authority over faculty discipline, tenure-governing procedures, and effort-reporting enforcement and participated in or ratified the actions challenged herein.

7. Defendant Marlon Levy, MD, MBA, is sued in his official capacity as Senior Vice President for Health Sciences.

8. Defendant Arturo Saavedra, MD, PhD, MBA, is sued in his official capacity as Interim Executive Vice President and Provost.

## III. FACTUAL BACKGROUND

8. Plaintiff holds a protected property interest in his tenured appointment.

9. From at least May 2025 through January 2026, Plaintiff raised good-faith written concerns regarding unresolved discrepancies in institutional effort-reporting and payroll records, and sponsor-approval requirements governing federally funded research.

10. On January 27, 2026, Defendant Kates issued a Letter of Intent to Terminate Plaintiff's tenured appointment effective February 3, 2026, copying Defendants Grover and other senior officials, without initiating or completing the mandatory post-tenure review, remediation, or hearing procedures required by VCU policy.

11. On January 30, 2026, Plaintiff submitted a detailed written rebuttal with supporting documentation and forwarded it to the University President, placing senior leadership on actual notice of the procedural defects, policy violations, and retaliatory nature of the proposed termination.

12. In the February 3, 2026 termination letter, Defendant Kates expressly acknowledged receipt of Plaintiff's communications with senior leadership, confirming institutional knowledge and ratification of the action.

13. Plaintiff was on physician-directed medical leave beginning February 2, 2026, of which the University had written notice and documentation.

14. On February 3, 2026, Defendants enforced the termination. On February 4, 2026, VCU HR confirmed termination effective February 3, revoked Plaintiff's system access, and confirmed cessation of salary.

15. The termination occurred during an active EEOC investigation, without due process, and immediately deprived Plaintiff of salary, benefits, research access, and professional standing.

## IV. CLAIMS FOR RELIEF

### Count I – Procedural Due Process (42 U.S.C. § 1983)

16. Defendants deprived Plaintiff of a protected property interest in his tenured position without notice and a meaningful opportunity to be heard, in violation of the Fourteenth Amendment.

### Count II – Retaliation (42 U.S.C. § 2000e-3(a))

17. Defendants took materially adverse action against Plaintiff because of protected compliance activity and participation in an ongoing EEOC proceeding.

### Count III – Ultra Vires Action / Failure to Follow Mandatory Tenure Procedures

18. Defendants acted outside their lawful authority by enforcing termination without completing mandatory post-tenure review and adjudication.

## V. IRREPARABLE HARM

19. Plaintiff faces immediate and irreparable harm, including loss of tenure, salary, health insurance while on medication, federally funded research disruption, harm to students

and grant-funded personnel, and damage to professional reputation that cannot be remedied by monetary damages alone.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Grant temporary and preliminary injunctive relief restoring and preserving the status quo ante pending adjudication

B. Declare Defendants' actions unlawful;

C. Award costs; and

D. Grant such other relief as the Court deems just.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2026.

Masoud H. Manjili, DVM, PhD

Plaintiff, Pro Se

2818 Aylesford Dr. Midlothian, VA 23113

Phone: (804) 502-9560

Email: manjilim@gmail.com