IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MASOUD H. MANJILI, Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:26CV91 (RCY) |
| VIRGINIA COMMONWEALTH UNIVERSITY, *et al.*, Defendants. | ) | |

**MEMORANDUM OPINION**

This is a civil rights action brought by Plaintiff Masoud H. Manjili, wherein Plaintiff alleges that he was deprived of the procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution when his tenured employment at Virginia Commonwealth University ("VCU") was terminated. The case is before the Court on Defendants' Stephen L. Kates, Amelia Grover, Marlon Levy, Arturo Saavedra (collectively, the "Individual Defendants"), and VCU's (together, "Defendants") Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the Amended Complaint for failure to state a claim. The Motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant Defendants' Motion to Dismiss.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff commenced this action on February 5, 2026, by filing a Complaint, ECF No. 1, and Motion for a Temporary Restraining Order ("TRO"), ECF No. 2. On February 6, 2026, the Court denied Plaintiff's Motion for a TRO. ECF No. 8. On February 10, 2026, Plaintiff filed an

Amended Complaint ("FAC"), ECF No. 13, and a Motion for a Preliminary Injunction, ECF No. 14.

Defendants filed the instant Motion to Dismiss on February 26, 2026, ECF No. 28, and a Memorandum in Support thereof ("Mem. Supp."), ECF No. 29. Plaintiff filed his Opposition in Response ("Pl.'s Opp'n") on March 18, 2026. ECF No. 34. Defendants filed their Reply on March 24, 2026. ECF No. 36.[1] Defendants' Motion to Dismiss is now ripe for review.

## II. CLAIM AT ISSUE

In the instant Motion, Defendants seek dismissal of the lone Count in this case: Count One, deprivation of Plaintiff's property interest (namely, tenured employment) without procedural due process, in violation of 42 U.S.C. § 1983.

## III. RELEVANT FACTUAL ALLEGATIONS

Plaintiff has been a tenured Professor at VCU since 2018. FAC ¶ 4. From approximately the summer of 2024 through January 2026, Plaintiff raised various concerns regarding "administrative noncompliance, retaliation, and unresolved discrepancies in effort-reporting[2] and payroll records affecting federally funded research." *Id.* ¶ 16. Specifically, "Plaintiff declined to certify effort reports[,]" contending that he was unable to do so because they "were not legally certifiable under federal regulations and repeatedly requested sponsor-compliance reconciliation." *Id.* ¶ 17. Despite Plaintiff's repeated requests, no assistance was provided. *Id.* ¶¶ 18, 20–24.

---

[1] On March 25, 2026, Plaintiff filed a Motion for Leave to File Sur-reply, ECF No. 36, and a Memorandum in Support thereof, ECF No. 37. Defendants filed their Memorandum in Opposition on April 2, 2026. ECF No. 38. Plaintiff filed his Reply in Support on April 6, 2026. ECF No. 39. "[S]ur-replies are generally disfavored and should not be permitted outside of rare instances." *Taylor v. Revature LLC*, 2025 WL 711961, at *4 (E.D. Va. Mar. 5, 2025) (internal quotation marks omitted). Upon review of Plaintiff's Motion and the parties' attendant briefs, the Court concludes that a sur-reply is unwarranted. Plaintiff's Motion for Leave to File a Sur-Reply will therefore be denied.

[2] Effort Reporting is the federally required process by which institutions certify that the effort devoted to sponsored projects reasonably reflects the salary charged to those projects.

Eventually, on January 27, 2026, Defendant Kates, Interim Dean of the VCU School of Medicine, issued a letter to Plaintiff, wherein Kates explained that he intended to terminate Plaintiff's employment with VCU, effective February 3, 2026, pursuant to Paragraph 7 of Plaintiff's Employment Agreement.[3] *Id.* ¶ 24 (citing FAC Ex. F-2 ("Letter of Intent") at 1, ECF No. 14-8).

The Letter of Intent outlined the reasons for Plaintiff's termination, providing that Plaintiff: (1) "failed and refused to submit a certified semi-annual Effort Report for the period of June 2024 to December 2024, in violation of VCU's Effort Reporting Policy' and VCU's Code of Conduct[;]" (2) "repeatedly refused to meet with various VCU officials . . . in person, via Teams, or by telephone to discuss and resolve your failure and refusal to submit a certified Effort Report for the identified time period[;]" and (3) "failed to cooperate with and provide your certification on anticipated work in connection with a re-certification of a grant application being submitted by Anthony C. Faber, Ph.D. on the day that application was due, requiring Dr. Faber to remove you from that application and make necessary adjustments at the last moment." Ltr. Int. 1. The Letter

[3] Plaintiff attached a copy of the Employment Agreement to the FAC. FAC Ex. I ("Employment Agreement"), ECF No. 14-11. Paragraph 7 of the Employment Agreement states as follows:

> Faculty are expected to strive for excellence in all of their university responsibilities as well as demonstrate professionalism and ethical behavior, both within and outside of VCU. Tenured, tenure eligible, and term faculty may be dismissed "for cause' for the reasons listed in the Termination section of the Faculty Promotion and Tenure Policies and Procedures (e.g., neglect of duties, policy violation, ethics violation, unprofessional conduct, misconduct, etc.). Termination of employment for cause does not require the advance notice period that accompanies a non-renewal decision (see Section 5 above). In the event the appointing official or other appropriate administrative officer determines that termination of employment is warranted, the faculty member is to be advised, in writing, of the intended action to include the reason(s) therefore, and the intended effective date of termination. The faculty member is then to be afforded the opportunity to respond to the intended action and the reasons upon which the intended action is based. The response must be submitted in writing by the faculty member to the university official who issued the letter of intended termination of employment within five (5) business days of receipt of the intended termination. The written response may include a request for an in-person meeting with the university official who issued the letter of intended termination of employment.

Emp. Agreement ¶ 7.

of Intent further provided that Plaintiff may produce "any additional information that [Plaintiff] would like to share[,]" whether by email or in-person, no later than February 2, 2026. *Id.* at 2.

Three days later, on January 30, 2026, Plaintiff obliged by authoring "a written rebuttal identifying disputed facts, altered and incomplete records, and procedural violations, and expressly requested that termination be paused pending proper faculty adjudication." FAC ¶ 25. Notwithstanding Plaintiff's rebuttal, Defendant Kates proceeded with Plaintiff's termination on February 3, 2026. *Id.* ¶ 33. Plaintiff's departure from VCU was publicly announced to certain VCU members the next day. *Id.* ¶ 44.

## IV. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* At the motion to dismiss stage, the Court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and whose authenticity is unchallenged, and matters of public record subject to judicial notice. *Id.*[4]

## V. ANALYSIS

For the reasons that follow, the Court finds that Plaintiff has not stated a claim for a procedural due process violation. Defendants' Motion to Dismiss will therefore be granted. The Court's analysis proceeds in two parts: first, the Court explains why Plaintiff fails to state a claim against VCU; second, the Court explains why Plaintiff's claim fails as to the Individual Defendants.

[4] Plaintiff, who is proceeding *pro se*, attached an Exhibit Index to his Motion for Preliminary Injunction, ECF No. 14-2, stating that the exhibits listed therein are "[i]n support of First Amended Complaint and Renewed Motion for Preliminary Injunction." Ex. Index 1. Liberally construing Plaintiff's *pro se* submission, and in light of Defendants' acceptance and treatment of the Exhibits as incorporated into the FAC, the Court treats these exhibits as if they are attached to the FAC.

**A. Count One Fails Against VCU Because it is Not a Person for § 1983 Purposes**

In Count One, Plaintiff seeks to hold VCU liable pursuant to § 1983. Disposition of this Count as to VCU warrants little discussion.

Section 1983 states, in part—

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

As previously explained by this Court in its February 6, 2026 Memorandum Opinion denying Plaintiff's Motion for a Temporary Restraining Order—and as acknowledged by Plaintiff himself, *see* Pl.'s Opp'n 8—VCU "as an arm of the state, is not a 'person' for purposes of the statute." ECF No. 8 at 3, n.2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to VCU.

**B. Count One Must be Dismissed as to the Individual Defendants Because Plaintiff Received All the Process Constitutionally Due**

Plaintiff's procedural due process claim fails more generally, as well. Plaintiff alleges in Count One that Defendants[5] violated his procedural due process rights by terminating Plaintiff (1) on a selective and incomplete record, and (2) before a neutral party could consider the complete record—particularly taking issue with Kates making the initial termination decision. FAC ¶¶ 31–32.[6] Defendants argue that Plaintiff received all the process due under the Constitution because

---

[5] With VCU out of the equation, the remaining Individual Defendants are all sued in their official capacity for injunctive relief and are therefore persons subject to suit under § 1983. *Will*, 491 U.S. at 71, n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

[6] Although Plaintiff appears to separately allege that his due process rights were violated, in part, by Defendants' alleged departure from VCU's tenure-termination policies, *see* FAC ¶¶ 38–40, he clarifies in his Opposition to Defendants' Motion to Dismiss that his procedural due process claim is not premised on that alleged

he had a pretermination opportunity to be heard and meaningful post-termination procedures through which he could further challenge his termination. Reply 4–7.[7] The Court agrees.

To state a procedural due process claim under the Fourteenth Amendment, Plaintiff "must allege (1) that he had a 'constitutionally cognizable life, liberty, or property interest;' (2) that he was deprived of that interest by 'some form of state action;' and (3) 'that the procedures employed were constitutionally inadequate.'" *Doe v. Va. Polytechnic Inst. & State Univ.*, 77 F.4th 231, 236 (4th Cir. 2023) (cleaned up) (quoting *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013)). Plaintiff's FAC adequately alleges the first two elements, *see Bd. of Regents v. Roth*, 408 U.S. 564, 576–77 (1972) (recognizing that a tenured college professor dismissed during the term of their contract has "interests in continued employment that are safeguarded by due process"); FAC ¶¶ 11, 33 (alleging that he was terminated by Defendants, who are state officials by way of their positions at VCU, a state institution), and Defendants do not contend otherwise, Mem. Supp. 9. The remaining question is thus whether Plaintiff has alleged facts that, taken as true, support a finding that the procedures employed in effecting his termination "were constitutionally inadequate."

Generally, courts consider three factors when assessing whether a given procedure was constitutionally inadequate:

> (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the . . . fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

---

deviation, Pl.'s Opp'n 18 (explaining that VCU's "policy is context and evidence for *Mathews* [*v. Elridge*, 424 U.S. 319 (1976)]—**not the source of the federal constitutional duty**" (emphasis added)).

[7] Defendants separately posit that Plaintiff fails to allege facts sufficient to establish that Levy and Saavedra participated in the separation decision. Reply 7–8. The Court need not reach this argument since it finds Plaintiff fails to allege a due process violation, writ large.

*Doe*, F.4th at 236–37 (quoting *Elhady v. Kable*, 993 F.3d 208, 228 (4th Cir. 2021)). This inquiry "is flexible and depends on context." *Id.* at 236 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). The Supreme Court outlined the process due to tenured public employees facing termination in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). There, the Court "conclude[d] that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures." *Id.* at 547–48.

With respect to the pretermination opportunity to respond, the Court explained in *Loudermill* that a "pretermination 'hearing,' though necessary, need not be elaborate." *Id.* at 542. Indeed, "the pretermination hearing need not definitively resolve the propriety of the discharge[; i]t should be an **initial check** against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545–46 (emphasis added). This is especially so where, as here, the employee has full access to a full post-termination hearing. *Id.*; *see also Holland v. Rimmer*, 25 F.3d 1251, 1259 (4th Cir. 1994) ("[Post-]termination procedures, coupled with pretermination opportunity to respond, provide the employee with due process.").

In the instant case, there is no dispute that Plaintiff was afforded pretermination notice and opportunity to be heard. *See* FAC ¶¶ 27, 29; *see also* Pl.'s. Opp'n 17 ("Plaintiff does not deny that he received notice, that he submitted a written rebuttal, or that § 11.3 describes a later hearing/right-to-request-hearing and review sequence.").[8]

[8] Specifically, § 11.3 provides for a robust post-termination procedure, wherein a tenured employee's termination is reviewed by VCU's University Appeal Committee ("UAC"). FAC Ex. H at 4, ECF No. 14-10. These procedures afford the employee the right to (1) attend all UAC hearings concerning their employment where evidence is received or witnesses are heard; (2) cross-examine witnesses; (3) present evidence; and (4) be accompanied by a non-participating advisor. *Id.* Once the hearings conclude, the UAC presents a written report to the Vice President of Health Sciences, who then reviews the UAC's findings and conveys a decision to the employee based on the same. *Id.* Should the employee remain unsatisfied with the outcome, he can then appeal to VCU's president. *Id.*

Instead, Plaintiff argues that his pretermination notice and opportunity to respond were constitutionally inadequate because (1) he was terminated on a "disputed and selectively compiled administrative record," Pl's Opp'n 20, and (2) his pretermination procedure did not allow a neutral decisionmaker to consider the complete record before rendering an initial termination decision, *id.* at 21–23. In short, Plaintiff "alleges that record-integrity objections and no-refusal explanations were not meaningfully engaged before termination was made operative." *Id.* at 22.[9] Neither argument establishes that Plaintiff received constitutionally inadequate process.

First, Plaintiff's termination decision was made after he submitted a written rebuttal—meaning Plaintiff had an opportunity to supplement the record with materials he considered absent from the record. FAC ¶ 29. This fact belies Plaintiff's assertion that his pretermination procedure progressed on an incomplete record.

Second, due process does not command that a neutral party render the termination decision at the pretermination phase. *Garraghty v. Jordan*, 830 F.2d 1295, 1302 (4th Cir. 1987) ("A pre-deprivation proceeding need not be a full evidentiary hearing with witnesses and a neutral decision maker so long as the employee is given an opportunity to answer the charges.").[10]

Accordingly, Plaintiff's allegation that his pretermination procedure did not provide for a neutral decisionmaker is of no consequence because Plaintiff not only had access to a robust post-

---

[9] The Court need not assess which party most accurately characterizes Plaintiff's Effort Reporting failures because "the Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions." *Harrell v. City of Gastonia*, 392 F. App'x 197, 203 (4th Cir. 2010) (internal citation and quotations omitted). The Court's inquiry turns on the adequacy of process afforded to Plaintiff, not whether Defendants' decision to terminate Plaintiff was sound.

[10] While *Garraghty* concerned a pre-deprivation hearing related to a suspension, the Fourth Circuit went on to state that "[e]ven in termination cases, most courts have not required that pre-termination hearings be conducted by a neutral party so long as grievance procedures provide for a post-termination hearing before a neutral body." 830 F.2d at 1302 (citing *Loudermill*, 470 U.S. at 543–47). Other circuit courts have expressly reached this conclusion. *E.g.*, *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1077 (2d Cir. 2021) ("[D]ue process does not require that pre-termination hearings occur before a neutral adjudicator."); *see also Heneghan v. Northampton Cmty. College*, 493 F. App'x 257, 259–60 (3d Cir. 2012) ("Generally, due process does not require an impartial decisionmaker at the pretermination hearing provided the state affords 'a neutral tribunal at the post-termination stage.' (citing *McDaniels v. Flick*, 59 F.3d 446, 460 (3d Cir. 1995)).

termination proceeding before the UAC, *see supra* n.5—but also initiated that proceeding on February 26, 2026. Pl.'s Opp'n 24.[11] To the extent Plaintiff contends that he was entitled to equivalent procedures before his termination, he is mistaken. *Loudermill*, 470 U.S. at 546 (explaining that "the pretermination 'hearing,' though necessary, need not be elaborate").

The facts alleged by Plaintiff therefore fail to establish that the Individual Defendants violated Plaintiff's procedural due process rights, and indeed establish the contrary, because they demonstrate that he received pretermination notice and an opportunity to respond, coupled with a robust post-termination proceeding. Based on these alleged facts, there is no reasonable inference the Court can draw in Plaintiff's favor that can sustain a viable § 1983 claim. As such, the Court will grant the Motion to Dismiss and deny leave to amend, as amendment would be futile. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).[12]

**VI. CONCLUSION**

For the reasons detailed above, Defendants' Motion to Dismiss will be granted.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 20, 2026
Richmond, Virginia

[11] In one of Plaintiff's many motions for leave to supplement the record as to his (renewed) Motion for Preliminary Injunction, he submits a letter from Dr. Michael Rao, President of VCU, upholding Plaintiff's termination and concluding his post-termination hearing. Mot. Leave Ex. 26, ECF No. 45-2. This development does not alter the Court's analysis because procedural due process guarantees only constitutionally adequate procedures; "it does not guarantee success." *See In re Gaime*, 17 F.4th 1349, 1355 (11th Cir. 2021) (quoting *Am. Nat'l Bank & Tr. Co. v. City of Chicago*, 826 F.2d 1547, 1550 (7th Cir. 1987)).

[12] Plaintiff cannot amend to un-plead facts he has already presented to the Court. And his attempts to supplement the record, *see* ECF Nos. 40, 41, 44, 45, 50, all are likewise futile because they only serve to cement the Court's understanding that Plaintiff received all the process he was constitutionally due. Plaintiff's Motions for Leave to Supplement the Record will accordingly be denied. His Renewed Motion for Preliminary Injunction, ECF No. 14, will also be denied, as Plaintiff has no likelihood of success on the merits of his claims based on the above 12(b)(6) analysis.